IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EUPHRATES EARL BEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:25-CV-262-WKW |
| ) | [WO] |
| THEODORE FIKE, CITY OF ) | |
| MONTGOMERY, AL POLICE ) | |
| DEPARTMENT, and CITY OF ) | |
| MONTGOMERY, AL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Euphrates Earl Bean, a convicted state inmate in the custody of the Virginia Department of Corrections, filed this action alleging violations of his federal constitutional rights by the City of Montgomery, Alabama, its police department, and one of its police officers. He is proceeding *pro se*. For the reasons to follow, this action will be dismissed under 28 U.S.C. § 1915A as barred by the applicable statutes of limitations.

## I. BACKGROUND

Plaintiff filed this action on February 8, 2025,[1] based on an incident that occurred more than eight years earlier on September 8, 2016, in Montgomery,

---

[1] By operation of the prison mailbox rule, "a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287,

Alabama. On September 8, 2016, Plaintiff's semi-truck was parked in the lot of a commercial business. Without activating his blue lights, Officer Theodore Fike of the Montgomery Police Department used his patrol car to block Plaintiff from moving his parked semi-truck. (Doc. # 1 at 3.) In doing so, Officer Fike denied Plaintiff the right to enter his "commercial vehicle" and fulfill his contract with Big Lots' distribution center. When Plaintiff requested to leave, Officer Fike arrested him. (Doc. # 1 at 3.)

Plaintiff alleges that, during the arrest, Officer Fike pulled his body camera from his body, assaulted Plaintiff by pulling his hair, drew his weapon, and, with the assistance of another officer, handcuffed him. Additionally, Officer Fike forced Plaintiff to his knee causing an injury and then pushed him backward, causing injuries to his back and elbows. Officer Fike then pounced on Plaintiff's chest with his knee before the second officer intervened. Officer Fike also had Plaintiff's commercial vehicle towed to an impound lot. (*Id.*)

Ultimately, in July 2017, the charge against Plaintiff was dismissed with prejudice. (Doc. # 1 at 3; Doc. # 1-1 at 1.) However, Plaintiff did not receive

---

1290 n.2 (11th Cir. 2009); *see also Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam) ("Absent evidence to the contrary, we assume that a prisoner delivered a filing to prison authorities on the date that he signed it." (citation omitted)). Plaintiff signed the complaint on February 8, 2025. (Doc. # 1 at 4.) However, the envelope in which the complaint was submitted does not have a discernable post mark. Absent a clearer indication of when Plaintiff submitted the complaint for mailing and giving Plaintiff the benefit of construction, it will be presumed that Plaintiff delivered the complaint to prison authorities for mailing on February 8, 2025.

monetary reimbursement for the expenses he incurred as a result of the incident. (Doc. # 1 at 3.)

In February 2019, Plaintiff sought medical treatment for injuries allegedly suffered during the incident with Officer Fike. As reflected in the medical documentation, Plaintiff has a history of chronic back pain, which he says was exacerbated by Officer Fike's conduct. During the same medical appointment, Plaintiff also reported pain in his right knee and hips. (Doc. # 1-1 at 11–12.)

Plaintiff alleges that the real reason Officer Fike arrested him was because of his race and appearance. He further claims that he was denied the right to engage in commercial activities. He alleges violations of the Fourth, Fifth, Seventh, and Fourteenth Amendments as enforced by 42 U.S.C. § 1983. He also cites 42 U.S.C. §§ 1981, 1982, and 1985(3) as statutory sources for recovery. (Doc. # 1 at 2–3.)

## II.  DISCUSSION

Under 28 U.S.C. § 1915A, a district court must review complaints filed by prisoners seeking redress from a governmental entity or its officers or employees. Dismissal is required if the complaint, or any part of it, is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  § 1915A(b)(1). The procedure required by § 1915A is, by its terms, a screening process, to be applied *sua sponte* and as early as possible in the litigation. *See* § 1915A(a).

*Pro se* plaintiffs are held to a lesser pleading standard than represented parties. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Even under this standard, a *pro se* plaintiff's complaint is frivolous if it is barred by the statute of limitations. *See Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (holding that, pursuant to 28 U.S.C. § 1915(e)(2)(b)(i), a district court properly dismissed a § 1983 claim as frivolous prior to service where it was apparent beyond doubt that the statute of limitations barred the claims); *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous."). A dismissal "on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citation and internal quotation marks omitted), *abrogated on other grounds as recognized by Wainberg v. Mellichamp*, 93 F.4th 1221, 1224 (11th Cir. 2024); *Clark*, 915 F.2d at 640 ("[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[A] dismissal is allowed."). "The statute of limitations for a § 1983 claim is measured by limitations periods for personal-injury torts in the state where the action is brought— which, in Alabama, is two years, *see* Ala. Code § 6-2-38(l)." *Chapman v. Dunn*, 129 F.4th 1307, 1315 (11th Cir. 2025) (internal citation omitted). "Federal law, though, determines when a § 1983 plaintiff's cause of action accrues." *Id.* (citation

4

omitted). Under federal law, "a § 1983 action doesn't accrue until the plaintiffs know or should know (1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury." *Id.* (citation and internal quotation marks omitted).

Plaintiff also relies upon §§ 1981, 1982, and 1985. The statute of limitations for a § 1981 claim brought pursuant to § 1983 is four years. *See Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336, 1338 (11th Cir. 2008) (holding that the § 1983 statute of limitations for actions based upon post-1990 amendments to 42 U.S.C. § 1981 are governed by 28 U.S.C. § 1658's four-year limitations period). Additionally, a two-year statute of limitations governs claims under § 1985(3). *See Wainberg v. Mellichamp*, 93 F.4th 1221, 1225 (11th Cir. 2024) ("Conspiracy claims under section 1985 share the forum state's statute of limitations for tort claims."). It need not be decided whether the statute of limitations for a § 1982 claim is two or four years. *But see Mason v. JP Morgan Chase & Co.*, No. 13-14191-CIV, 2013 WL 12384162, at *5 (S.D. Fla. July 16, 2013) (recognizing that the case law on § 1982 is sparse but determining that the analogous state statute of limitations should govern), *report and recommendation adopted sub nom. Mason v. JPMorgan Chase & Co.*, No. 13-14191-CIV, 2014 WL 12862642 (S.D. Fla. Mar. 14, 2014); *Hosea v. Langley*, No. CV 04-0605-WS-C, 2005 WL 8158886, at *4 & n.13 (S.D. Ala. Feb. 10, 2005) (applying a two-year statute of limitations to § 1982 claims). For purposes

of this analysis, it is assumed, without deciding, that a four-year statute of limitations potentially governs some of Plaintiff's claims.

It is clear from the face of the complaint that Plaintiff's claims challenging his arrest on September 8, 2016, and his treatment incident to that arrest are barred by the two-year and four-year statutes of limitations. Plaintiff's causes of action accrued on September 8, 2016, the date on which the alleged federal constitutional and statutory violations occurred, as the Plaintiff was aware of his constitutional injuries and the identity of the alleged perpetrator on that date. Plaintiff did not file his complaint until February 8, 2025, which is more than eight years after the causes of action accrued. Even if it is assumed that some of Plaintiff's claims did not accrue until February 2019 when he sought medical treatment for physical injuries, more than five years passed between that date and the date he filed his complaint. As the complaint was filed well beyond the two-year or four-year statutes of limitations, all claims are time-barred.

Plaintiff implicitly recognizes the significant passage of time, stating that he is not certain if his "time is tolled" based upon his "judicial circumstances." (Doc. # 1 at 4.) However, by its express terms, the tolling provision of Alabama Code § 6-2-8 affords no relief to Plaintiff from application of the time bars.[2] Imprisonment is

---

[2] Section 6-2-8 recognizes only two disabilities for tolling the limitations period—age below nineteen years and insanity. There are no allegations suggesting that Plaintiff had either disability at the time any of his claims accrued.

not a condition that tolls the statute of limitations. *See Holt v. Baker*, 710 F. App'x 422, 424 (11th Cir. 2017) (observing that "in 1996, the Alabama legislature amended § 6-2-8 to remove imprisonment as a condition that tolled the statute of limitations"). Finally, to the extent Plaintiff contends that he can maintain his causes of action under 18 U.S.C. §§ 241 and 242 (Doc. # 1 at 3), these statutes "are criminal in nature and provide no civil remedies." *Id.* (citation and internal quotation marks omitted).

Generally, the district court will afford a *pro se* prisoner an opportunity to amend his complaint at least once. *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (citations omitted). However, a district court is not required to allow an amendment that would be futile. *Id.* (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). Any attempt to amend claims that are clearly barred by the statute of limitations would be futile; therefore, leave to amend will not be granted.

### III.  CONCLUSION

Based on the foregoing, Plaintiff's claims clearly are barred by the governing statutes of limitations. Accordingly, it is ORDERED that this action is DISMISSED with prejudice as frivolous under 28 U.S.C. § 1915A(b)(1).

Final judgment will be entered separately.

DONE this 14th day of April, 2025.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE
